IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2-05-0066 |
| ) | JUDGE HAYNES |
| JAY VICTOR HESSON, HAROLD SMITH ) | |
| LOGGING & LUMBER COMPANY, INC., ) | |
| DANIEL SMITH, and CALVIN L. NASH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Nautilus Insurance Company ("Nautilus"), a foreign corporation with its principal place of business in Scottsdale, Arizona, filed this declaratory action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, against the Defendants: Jay Victor Hesson, Harold Smith Loggins & Lumber Company, Inc., Daniel Smith and Calvin Nash, Tennessee citizens and a Tennessee corporation. Plaintiff seeks a declaration to determine its rights and liabilities under its insurance agreement to defend and indemnify Defendant Harold Smith Logging. This action arises out of state court actions filed by defendant Jay Victor Hesson against Defendant Harold Smith Logging in Tennessee courts. Hesson's actions are for the Defendants' negligence and worker compensation benefits for his injury while Hesson was logging while employed by Defendants Daniel Smith and Calvin L. Nash, who were employed by and acting under the direction of Defendant Harold Smith Logging.

At the initial case management conference, the Court raised the issue of the appropriateness of this declaratory judgment action, given the pending state court actions. Nautilus contends that its policy with Harold Smith Logging specifically excludes coverage and any obligation to defend

based upon the circumstances of Hesson's claims. The Court invited and two of the parties responded with briefs on this issue. See Docket Entry Nos. 18 and 21.

## A. Review of the State Court Proceedings

Hesson first filed his negligence action against Harold Smith Lumber in the Circuit Court of Macon County, Tennessee. In its answer, Smith Lumber asserted an affirmative defense that the Tennessee Workers' Compensation Act ("TWCA") Tenn Code Ann. 50-6-101 et seq. provided Hesson his exclusive remedy because Hesson was not his employer. Hesson then filed an action under TWCA in the Chancery Court for Smith County, Tennessee and in its Answer, Harold Smith Lumber again asserted that Hesson was not its employee.

According to Nautilus, its insurance policy excludes coverage or any obligation for Harold Smith Logging for any claims covered by workers' compensation benefits laws, and also excludes from coverage any bodily injury to an employee, regardless of whether the employee is "hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured." In Nautilus's view, Hesson's allegation of a "financial arrangement" with Harold Smith Logging arguably raises the issue of whether there is coverage under the above-mentioned policy exclusions. In its Answer in this action, Smith Lumber asserts that the Nautilus policy provides coverage for Hesson's tort action. Harold Smith Lumber also contends that Hesson's employment status is a question presently before the Macon County Circuit Court and the Smith County Chancery Court in the tort and workers' compensation actions.

In his state court action, Hesson alleges that his injury occurred at the Thomas Ridge Road site. Nautilus's policy with Harold Smith Logging applies only to "bodily injury. . . arising out of. . . [t]he ownership, maintenance or use of the premises shown in the Schedule and operations

2

necessary or incidental to those premises; or. . . . [t]he project shown in the schedule." According to Plaintiff's complaint, Harold Smith Logging's policy declarations lists its only business as a "saw mill" located at 2444 Willett Road, Red Boiling Springs, Tennessee, as the covered premises, but Nautilus concedes that "there is no listed property in Harold Smith Logging's policy schedule." (Docket Entry No. 20 at p. 3).

## B. Conclusions of Law

Under the Declaratory Judgment Act, this Court possesses discretion in deciding whether to entertain a declaratory judgment action. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Ins. Co., 515 U.S. 277, 286 (1995).

To determine whether to entertain jurisdiction in a declaratory judgment action, the district court should consider whether the judgment "will serve a useful purpose in clarifying and settling the legal relationships in issue and whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Casualty & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir. 1996) (quoting Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323,325 (6th Cir. 1984). Under these two broad principles, the Court considers:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; (4) whether the declaratory remedy is being used merely for the purpose of procedural fencing; and (5) whether there is an alternative remedy which is better or more effective.

74 F.3d at 687 (citing Grand Trunk).

Within these factors, the Court must consider on the state-federal courts issue of federalism the following factors:

3

> "(1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."

Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 814-815 (6th Cir. 2004) (citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000).

In any event, a district court may decline to exercise its declaratory judgment jurisdiction if the state proceeding is "parallel" to the declaratory action, i.e., the controversy between the parties to the declaratory judgment action could be adjudicated in the state court action. Allstate Ins. Co. v. Green, 825 F.2d 1061, 1067 (6th Cir. 1987). In this action, State law controls the insurance coverage issues raised by Nautilus. Tranamerica Ins. Co. v. Duro Bag Mfg. Co., 50 F.3d 370, 373 (6th Cir. 1995). Tennessee's general rule is that an insurer is obligated to defend a suit against an insured if complaint presents a claim that would be covered by the policy. See Michigan Mut. Ins. Co. v. Royal Indem. Co., 313 F.2d 467 (6th Cir. 1963).

This declaratory action seeks a declaration of whether the logging site where Hesson was injured, is located on the premises of Harold Smith Logging's sawmill operation, but another issue is whether logging along the Thomas Ridge Road property was an operation necessary or incidental to the use of the premises and whether Hesson had an employment relationship with Harold Smith Logging. In his worker's compensation benefits, Hesson alleges that he was an employee of Harold Smith Logging, but he also asserts an independent tort claim for negligent supervision by Harold Smith's agents, Defendants Smith and Nash. In its Answers in the state court actions, Harold Smith Logging denied that Hesson was an employee or self-employed subcontractor at the time of the alleged accident and denied that Smith and Nash were employees or self-employed subcontractors

4

of Harold Smith Logging. Thus, the state court must decide whether under Tennessee law, Hesson was an employee or servant, or independent contractor or volunteer of Harold Smith Logging. Nautilus's declaratory judgment action raises these issues that are also before the state court.

Here, a declaratory judgment will not settle the controversy because resolution of Nautilus's claim includes the determination of Hesson's employment status at the time of the injury, an issue before two state courts. This declaratory judgment action could also have a preemptive effect on the state courts' decisions. In Bituminous, the Sixth Circuit ruled as follows:

> Finally, the case was brought pursuant to the federal courts' diversity jurisdiction and neither federal common law nor federal statutory law apply to the substantive issues of the case. The declaratory judgment action involved the same underlying factual issues that were pending in two state court actions. The state courts were in a better position to evaluate the factual issues because they rested solely on state law with which the state courts are better acquainted. Furthermore, resolution of the declaratory judgment action required consideration of two undetermined questions of state law and did not involve the application of any federal law....

373 F.3d at 815.

Tennessee law provides an action for declaratory judgments in state courts under Tenn. Code Ann. § 29-14-101 et seq. Nautilus could file this same action in the state court that has one of the two Hesson actions.

Although "[t]he diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in federal rather than in the state courts," Meredith v. Winter Haven, 320 U.S. 228, 234 (1943). Yet, for declaratory judgment actions, this Court retains its discretion to hear this action. Wilton 515 U.S. at 286.

In sum, considering the relevant factors on entertaining declaratory judgment action, this Court concludes that this action poses a serious risk of interference with state court actions and

presents the potential for inconsistent findings by the state and federal courts. Given the important state policy on worker's compensation benefits, the Court declines to entertain this action at this time.

An appropriate Order is filed herewith.

**ENTERED** this the 12th day of January, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge